JEFFREY J. ZUBER  (SBN 220830)
  *jzuber@zuberlawler.com*
TOMAS A. ORTIZ  (SBN 188873)
  *tortiz@zuberlawler.com*
**ZUBER LAWLER LLP**
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone:  (213) 596-5620
Facsimile:  (213) 596-5621

Attorneys for Federal Deposit Insurance
Corporation as Receiver for First Republic Bank

**LAW OFFICES OF PHIL HOROWITZ**
Phil Horowitz (SBN 111624)
  *phil@philhorowitz.com*
Christopher Patrick Banks (SBN 279895)
  *chrisbanks2011@gmail.com*
505 14th Street, Suite 600
Oakland, CA 94612
Telephone: (510) 292-6244

Attorneys for Plaintiff
Johnny Valverde

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY VALVERDE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for First Republic Bank,<br><br>　　　　　　Defendant. | Case No. 3:23-cv-03653-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br><br>CMC:　　October 3, 2024<br>Time:　　10:00 a.m.<br>Crtrm.:　 10, 19th Floor |

  Plaintiff Johnny Valverde ("Valverde") and Defendant Federal Deposit Insurance Corporation as Receiver for First Republic Bank ("FDIC-R"), (together the "Parties"), by and through their respective counsel, jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of

California, Civil Local Rule 16-9, and the August 29, 2024 Order continuing the September 5, 2024 case management conference (Dkt. 23).

## 1. JURISDICTION AND SERVICE

The Parties do not contest that the Court has subject matter jurisdiction under 12 U.S.C. § 1819(b)(2)(A).  All named parties have been served or appeared, only Doe defendants remain.

## 2. FACTS

Johnny Valverde began work for First Republic Bank in 2014, was officially hired as Director of Payments Product Management in 2016, and was discharged in 2019. Mr. Valverde alleges that he received good written performance evaluations until he began complaining in July 2018 about conduct he reasonably believed to be unlawful, was then subjected to a pattern of retaliation, and was then discharged in retaliation for his complaints.

The conduct about which Mr. Valverde asserts he complained included developing software that would put the Bank's customers at risk for security and data breaches and facilitating a vendor's fraud against the Bank. The potential customer data breaches included customers' social security numbers, birth dates, addresses, phone numbers, account numbers and payment transactions.

FDIC-R denies the allegations of Mr. Valverde, including especially that he was wrongfully terminated in retaliation for his complaints of unlawful conduct.

## 3. LEGAL ISSUES

The Complaint alleges two causes of action: (1) Retaliation in Violation of Labor Code §1102.5 both by discharge and by pre-termination harassment and adverse employment actions, (2) discharge in violation of public policy.

Mr. Valverde contends that the conduct about which he complained violated, or reasonably appeared to violate or risk violating 18 U.S. Code §1344, the Gramm-Leach-Bliley Act of 1999, the Dodd-Frank Act of 2010, the Bank Secrecy Act of 1970, FDIC consent orders, as well as other statutes and regulations, or the important public policies expressed in them.

Disputed legal issues include whether the conduct of which Mr. Valverde alleges he complained violated or was reasonably perceived as violating or risking violating, one or more of

these statutes or regulations or the public policy expressed in them; whether the evidence satisfies the legal standards for proving retaliatory discharge or pre-termination retaliation in violation of public policy or both, and the nature and extent of recoverable damages.

Further, FDIC-R argues it is not subject to punitive damages, penalties or fines. *See* 12 U.S.C. §§ 1821(e)(3)(B), 1825(b). FDIC-R is an innocent receiver, and the FDIC succeeded, by operation of law, to the interests of the failed First Republic Bank and its depositors, creditors, and shareholders. *See* 12 U.S.C. § 1821(d)(2)(A)(i). Claims that are punitive in nature under state law cannot be asserted against the FDIC because the deterrent effect is minimal and other innocent creditors would be punished by diminishing available assets. *See Monrad v. FDIC*, 62 F.3d 1169, 1175 (9th Cir. 1995); *Professional Asset Mgmt, Inc. v. Penn Square Bank, N.A.*, 566 F.Supp.134, 137 (W.D. Okla. 1983).

4. **MOTIONS**

Plaintiff Valverde does not anticipate filing any motions at this time.

FDIC-R intends to file a motion to strike any claims for punitive damages, penalties or fines. *See* 12 U.S.C. §§ 1821(e)(3)(B), 1825(b). If necessary, FDIC-R also intends to file a motion to amend its pleading to assert this defense.

5. **AMENDMENT OF PLEADINGS**

Plaintiff Valverde may amend his complaint to name Doe defendants if appropriate.

FDIC-R intends to amend its Answer and Affirmative Defenses, if necessary, to raise 12 U.S.C. §§ 1821(e)(3)(B), 1825(b) as a defense against punitive damages, penalties or fines claimed against FDIC-R.

6. **EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer. Counsel for the respective parties are preserving evidence relevant to the issues reasonably evident in this action.

## 7. DISCLOSURES

The parties jointly request that Initial Disclosures be due on December 3, 2024, two (2) months after the status conference.

## 8. DISCOVERY

The parties conducted discovery in arbitration that included initial disclosures, requests for production of documents, production of documents, and the depositions of Johnny Valverde and his supervisor Adam Rose. The parties wish to take additional depositions, engage in further written discovery, and subpoena documents from third parties. The parties propose that fact discovery remain open until June 3, 2025, six months after the date ordered for initial disclosures. The parties have not identified any discovery disputes.

FDIC-R intends to seek discovery relating to Mr. Valverde's claims of emotional distress, including subpoenaing his medical providers for any treatment he received as a result of his alleged distress. FDIC-R may also request an independent medical examination by FDIC-R's own medical expert.

## 9. RELIEF

The damages Plaintiff seeks consist of past lost earnings, calculated to be approximately $800,000, future lost earnings accruing at approximately $214,000 a year less mitigating income in an amount not yet known, emotional distress damages according to proof, punitive damages to the extent still available, attorneys fees and costs.

FDIC-R disputes the damages sought, including the calculations and especially attempted recovery of punitive damages which are not recoverable against FDIC-R where it is acting as receiver for a failed bank.

## 10. SETTLEMENT AND ADR

The parties participated in a mediation prior to the failure of First Republic Bank and the appointment of FDIC as Receiver in which both parties ultimately accepted a mediator's proposal for the monetary amount of settlement, but which failed to result in a settlement agreement signed by both parties due to a dispute about non-economic terms. The Parties continue to engage in settlement negotiations and are reasonably optimistic the case may be resolved from these efforts.

## 11. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 12. NARROWING OF ISSUES

FDIC-R asserts that punitive damages, penalties or fines are not recoverable against FDIC-R. *See* 12 U.S.C. §§ 1821(e)(3)(B), 1825(b). FDIC-R is an innocent receiver, and the FDIC succeeded, by operation of law, to the interests of the failed First Republic Bank and its depositors, creditors, and shareholders. *See* 12 U.S.C. § 1821(d)(2)(A)(i). Claims that are punitive in nature under state law cannot be asserted against the FDIC because the deterrent effect is minimal and other innocent creditors would be punished by diminishing available assets. *See Monrad v. FDIC*, 62 F.3d 1169, 1175 (9th Cir. 1995); *Professional Asset Mgmt, Inc. v. Penn Square Bank, N.A.*, 566 F.Supp.134, 137 (W.D. Okla. 1983). FDIC-R will continue to confer with Plaintiff Valverde to determine if this issue can be resolved without motion practice.

The other issue that is likely to be resolved by stipulation are relevant dates for events and authentication of certain documents including especially business records. However, the bulk of the allegations in the complaint are expected to remain in dispute.

## 13. EXPEDITED TRIAL

N/A.

## 14. SCHEDULING

Trial for October 6, 2025, 1 year from this status conference. Plaintiff's counsel is unavailable from January 27, 2025 through March 7 due to two trials.

## 15. TRIAL

The parties propose a jury trial lasting 5-7 court days.

## 16. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**17. PROFESSIONAL CONDUCT**

Yes.

**18. OTHER**

N/A

Dated:  September 26, 2024

**ZUBER LAWLER LLP**
JEFFREY J. ZUBER
TOMAS A. ORTIZ

By: */s/ Jeffrey J. Zuber*
Attorneys for Federal Deposit Insurance Corporation as Receiver for First Republic Bank

Dated:  September 26, 2024

**LAW OFFICES OF PHIL HOROWITZ**
PHIL HOROWITZ
CHRISTOPHER PATRICK BANKS

By: */s/ Phil Horowitz*
Attorneys for Plaintiff Johnny Valverde

## CIVIL LOCAL RULE 5-1 ATTESTATION

I, Jeffrey J. Zuber, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Philip B. Horowitz concurred in the filing of this document.

 */s/ Jeffrey J. Zuber*
 Jeffrey J. Zuber

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____          _____
ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT COURT JUDGE